Case 3:08-cv-00633-RCJ -WGC   Document 98   Filed 03/27/12   Page 1 of 6

```
_____ FILED        _____ RECEIVED
_____ ENTERED      _____ SERVED ON
              COUNSEL/PARTIES OF RECORD

              MAY 1 1 2012

          CLERK US DISTRICT COURT
           DISTRICT OF NEVADA
BY: _____ DEPUTY
```

1  JOY R. GRABER, Bar No. 8092
2  CHRISTOPHER RUSBY, Bar No. 11452
   LEMONS, GRUNDY & EISENBERG
3  6005 Plumas Street, Third Floor
   Reno, Nevada 89519
4  (775) 786-6868
5
6  *Attorneys for Defendant*
   *HARRAH'S OPERATING COMPANY, INC.*
7
8              **UNITED STATES DISTRICT COURT**
9                 **DISTRICT OF NEVADA**
10                    * * *
11
12  WILLIAM H. CONNER,
13              Plaintiff,                  **Case No. 3:08-CV-00633-BES-RAM**
14       vs.
15
16  HARRAH'S OPERATING COMPANY, INC., a     **JOINT MOTION TO CONTINUE TRIAL**
    Nevada Corporation; STEVE HEIMAN, an    **DATE (second request)**
17  individual; RUSS NEIL, an individual;
    DAVID ANDREWS, an individual,
18
19              Defendants.
20

21       Defendant HARRAH'S OPERATING COMPANY, INC. (hereinafter "Harrah's"), by
22  and through its attorneys of record, in conjunction with plaintiff WILLIAM H. CONNER,
23  by and through his attorney of record, hereby move to continue the June 19, 2012 trial
24  currently scheduled in this matter due to the unavailability of a material witness
25  during the time set for the trial.   This motion is based upon the following
26  memorandum of points and authorities, the attached affidavit of Steven Heiman, and
27  upon any other matter the court may properly consider.

LEMONS, GRUNDY
& EISENBERG
6005 PLUMAS ST.
SUITE 300
RENO, NV 89519
(775) 786-6868

28

                        - 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The parties hereby jointly request a trial continuance in this matter due to the unavailability of defendant Steven Heiman to testify at trial.[1] Mr. Heiman is a central and material witness to this case. His testimony is essential to both the plaintiff's prosecution and the defendant's defense of this action. The sole remaining claim to be litigated at trial is a §1983 Conspiracy claim against defendant Harrah's, which inescapably involves Mr. Heiman's investigation of plaintiff's overpayment and his arrest of plaintiff for the crime of theft. Although Mr. Heiman has qualified immunity, his testimony is central to the remaining issues to be litigated at trial and his absence at trial would pose undue prejudice to both parties. Accordingly, it is requested that the June 19, 2012 trial in this matter be continued and rescheduled so that Mr. Heiman can testify in person at the trial.

### II. PERTINENT PROCEDURAL HISTORY

On October 20, 2010, an Order granting and denying in part the motions for summary judgment filed by defendants Harrah's and state defendants Heiman and Neil (collectively "State Defendants") was entered. (Doc. #60.) The Order granted summary judgment with regard to all plaintiff's remaining claims for relief except for his §1983 Fourth Amendment Violation claim against the State Defendants, and his §1983 Conspiracy claim against Harrah's and the State Defendants. (Id.) Thus, a trial was to proceed regarding only these two claims for relief. At the time, trial was scheduled to begin on February 8, 2011.

On November 8, 2010, the State Defendants filed a notice of appeal, challenging the denial of summary judgment on the grounds of qualified immunity. (Doc. #61.) The appeal divested the district court of jurisdiction to proceed with trial

---

[1] Mr. Heiman is a named defendant in this case, however, the Ninth Circuit Court of Appeals has recently instructed that summary judgment must be entered on all plaintiff's claims against Mr. Heiman and the other State Defendants. (Doc. #97.)

LEMONS, GRUNDY
& EISENBERG
6005 PLUMAS ST.
SUITE 300
RENO, NV 89519
(775) 786-6868

over the State Defendants until the issue of qualified immunity was resolved. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).

In light of the pending appeal and lack of jurisdiction over the alleged co-conspirator State Defendants, the parties filed a stipulation to vacate the trial date on January 12, 2011, and a joint motion for trial continuance on January 20, 2011. (Doc. ##70 and 72.)  On January 24, 2011, this court entered a minute order denying the stipulation to vacate the trial date, but rescheduled the trial to April 12, 2011 and scheduled a status conference for March 16, 2011. (Doc. ##73 and 82 (rescheduling status conference to March 28, 2011).)

At the status conference, the court heard argument from the State Defendants regarding the appeal and its effect on the trial setting. (Doc. #84.)  In light of the pending appeal, this court granted the parties' oral stipulation to vacate the currently scheduled trial until the appeal was resolved. (*Id.*)  This court then ordered a status conference to occur on July 18, 2011. (*Id.*)  The status conference was subsequently rescheduled to July 25, 2011. (Doc. ##86 and 87.)

At the status conference, the appeal was discussed and it was estimated that a decision from the Ninth Circuit Court of Appeals would not issue for about sixteen months. (Doc. #88.)  This court advised that although "the trial itself is stayed for lack of jurisdiction to proceed," 90-day status conferences would be ordered until the appeal is resolved. (*Id.*)  Several status conferences have since occurred. (Doc. ##91, 94, and 96.)

During a status conference which was held on January 3, 2012, the issue of a trial setting was again discussed. (Doc. #94.)  Although the appeal had not yet been resolved and this court lacked jurisdiction to proceed with trial against the State Defendants, this court ordered a jury trial to be scheduled for June 19, 2012. (*Id.*)  In a subsequent status hearing held 20 days later, this court indicated that it wanted to move this case along to its rightful conclusion and cautioned the parties that further requests for continuance of the trial would not be granted. (Doc. #96.)

LEMONS, GRUNDY
& EISENBERG
6005 PLUMAS ST.
SUITE 300
RENO, NV 89519
(775) 786-6868

- 3 -

1    On March 9, 2012, the Ninth Circuit Court of Appeals decided the State

2   Defendants' appeal. (Doc. #97.)   The opinion reversed the denial of summary

3   judgment on the grounds of qualified immunity. (*Id.*)  Thus, the only remaining claim

4   to be litigated at trial is plaintiff's §1983 conspiracy claim against Harrah's.

5   **III. STEVEN HEIMAN'S UNAVAILABILITY FOR TRIAL**

6        It has recently come to the parties' attention that Gaming Control Agent,

7   Steven Heiman, a material witness to this case, is unavailable at any time to attend the

8   trial currently scheduled for June 19, 2012 through June 25, 2012.   Mr. Heiman

9   recently made non-refundable arrangements to be on vacation during the time set for

10  trial.  (*See* Affidavit of Steven Heiman, ¶ 3, attached as **Exhibit 1**.)   The parties

11  respectfully request to continue the trial in this matter to a date where Mr. Heiman is

12  available to testify.

13       The decision to grant or deny a request for a trial continuance is in the sound

14  discretion of the district court, and will not be disturbed on appeal absent abuse of

15  discretion. *De la Cruz v. INS*, 951 F.2d 226, 229 (9th Cir. 2004).   The absence of

16  important and material witnesses has been recognized as sufficient cause to allow a

17  trial continuance, when the other parties to the action will not be prejudiced. *Fenner*

18  *v. Dependable Trucking Co., Inc.*, 716 F.2d 598, 602 (9th Cir. 1983); *Darrow v. U.S.*, 61

19  F.2d 124, 125 (9th Cir. 1932).

20       Mr. Heiman is a central witness to the underlying facts of this case.  His absence

21  from trial will pose undue prejudice to both parties.  Mr. Heiman was the gaming

22  control agent who investigated plaintiff's overpayment and concluded that probable

23  cause existed for an arrest. He was also involved in the actual arrest of plaintiff.  Many

24  of plaintiff's allegations involve Mr. Heiman, and his testimony is material to both the

25  prosecution and defense of this case at trial.  Indeed, the sole remaining claim for

26  relief to be litigated at trial is a §1983 conspiracy claim against Harrah's for allegedly

27  conspiring with Mr. Heiman to violate plaintiff's Fourth Amendment rights.  In order

28  for plaintiff to succeed at trial, he will have to first establish that Mr. Heiman did not

LEMONS, GRUNDY
& EISENBERG
6005 PLUMAS ST.
SUITE 300
RENO, NV 89519
(775) 786-6868

- 4 -

1   have probable cause to arrest plaintiff, and then establish that Mr. Heiman and

2   Harrah's had an agreement to arrest plaintiff knowing that probable cause did not

3   exist. Mr. Heiman's testimony is essential to this case.

4        Mr. Heiman is willing to testify; however, his travel arrangements are non-

5   refundable and prevent him testifying during the time currently scheduled for trial.

6   The parties, therefore, jointly request that the June 19, 2012 trial date be continued so

7   as to allow Mr. Heiman to testify in person.

9   ORDER

10  IT IS SO ORDERED.

ROBERT C. JONES
United States District Judge

LEMONS, GRUNDY
& EISENBERG
6005 PLUMAS ST.
SUITE 300
RENO, NV 89519
(775) 786-6868